**UNITED STATES of America**

v.

**ONE 1973 MERCEDES–BENZ, VEHICLE I.D. NO. 11501012089216.**

**Civ. A. No. 76–2359–C.**

United States District Court, D. Massachusetts.

Oct. 27, 1976.

William A. Brown, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Peter J. McQuillan, Lawrence, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action *in rem* in which the United States seeks an order of the Court enforcing a forfeiture of the Mercedes-Benz vehicle involved herein, pursuant to 21 U.S.C. § 881(a)(4) and pursuant to 49 U.S.C. §§ 781 and 782. Jurisdiction is based on 28 U.S.C. § 1335.

The complaint alleges that a 1973 Mercedes-Benz, Vehicle I.D. No. 11501012089216, was registered to one Donald C. Johnson, of 35 Lime St., Newburyport, Massachusetts, and that on June 14, 1976 the Mercedes-Benz was used by Johnson to transport and conceal contraband, a controlled substance, to wit, one ounce, more or less, of cocaine. The complaint further alleges that Johnson possessed and transported the cocaine in the Mercedes and used the vehicle to facilitate the transportation, concealment and possession of the cocaine.

Johnson filed an answer in which he admitted that the vehicle was registered to and owned by him. He also admits that the vehicle was seized on June 14, 1976 at Newburyport, Massachusetts, by Special Agents of the Drug Enforcement Administration of the U. S. Department of Justice. The answer denies the remaining material allegations of the complaint.

The matter came before the Court on the Government's motion for summary judgment, which motion is supported by the affidavit of N. Gary Aldrich, Special Agent of the Drug Enforcement Administration. Agent Aldrich's affidavit establishes specifically that he arrived at 12:00 noon on August 20, 1975, at the residence of one Fred Wheaton, 34 Phillips Drive, Newburyport, for the purpose of arranging the purchase of one ounce of cocaine. The agent recites that he entered the house, was informed that the cocaine was in the possession of one "Gus" who was later identified to him as Donald C. Johnson, that Wheaton telephoned Johnson in the presence of the agent, and then informed the agent that "Gus" would be right over.

At 12.45 p. m., Agent Aldrich states, he observed a dark colored 4-door Mercedes-Benz, Massachusetts registration 613–17B, arrive and park in front of 34 Phillips Drive, at which time he observed Johnson ("Gus") exit the vehicle carrying a green bag and proceed to enter the house. Upon Johnson's entrance he was introduced to the agent by Mr. Wheaton as "Gus." All three men then proceeded to a back bedroom where, the affidavit recites, the agent observed Johnson remove a clear plastic "baggie" containing a white powder from the green bag. After some conversation the agent paid for the powder with $1600.00, official Government funds, which Johnson counted and placed in his pocket.

The affidavit further recites that the agent performed a field test on the white powder which was positive for cocaine-hydrochloride, and that thereafter he caused the cocaine to be sent to the New York Regional Laboratory, Drug Enforcement Administration, for chemical analysis, which analysis also revealed the presence of cocaine-hydrochloride.

Johnson filed an affidavit captioned "Affidavit in Opposition to Plaintiffs Motion for Summary Judgment," within the time allowed by the Rules. This affidavit establishes that Johnson is the owner of the motor vehicle, that he was arrested in Newburyport on June 14, 1976, and that he was

charged in an indictment which alleged that he had violated 21 U.S.C. § 841(a) on August 20, 1975. The affidavit further recites that he entered a not guilty plea at his arraignment before a United States Magistrate on June 25, 1976, and that he expects the criminal case will go to trial on or before January 25, 1977.

The above-summarized affidavit of Mr. Johnson totally and completely fails to put in issue any material fact which need be proved by the Government in order to establish its right to summary judgment. Contrariwise, the affidavit of Special Agent Aldrich affirmatively establishes each of the elements which must be proved by the Government in order to sustain its right to summary judgment.

Consequently, it being clear that there is no issue of material fact outstanding in this case the Government's motion for summary judgment is allowed.

ORDER accordingly.